# IN THE SUPREME COURT OF THE STATE OF NEVADA

FIRST 100, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND FIRST 100 HOLDINGS, LLC, A NEVADA LIMITED LIABILITY COMPANY, A/K/A 1ST ONE HUNDRED HOLDINGS, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellants,
vs.
TGC/FARKAS FUNDING, LLC,
Respondent.

No. 82794

FILED

MAR 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER AFFIRMING IN PART AND DISMISSING IN PART*

This is an appeal from a post-judgment order denying a motion to enforce a settlement agreement and holding appellants and a nonparty in civil contempt. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.[1]

On January 7, 2021, Matthew Farkas executed a Settlement Agreement on behalf of respondent wherein respondent agreed to dismiss the underlying litigation against appellants. Following an evidentiary hearing, the district court entered an order finding that the Settlement Agreement was not a valid contract because Farkas lacked actual or

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

22-08517

apparent authority to bind respondent.[2] The district court's order also held appellants and nonparty Jay Bloom in civil contempt for their failure to comply with a previous order requiring them to produce appellants' books and records. As a sanction for the contempt, the district court indicated that it would award respondent a to-be-determined amount of attorney fees and costs.

On appeal, appellants contend (1) the district court erred in finding that Farkas lacked apparent authority to bind respondent to the Settlement Agreement, and (2) the district court erred in holding nonparty Bloom personally liable for the fees and costs.

With respect to appellants' first argument, appellants contend that the district court overlooked an August 2020 declaration from respondent's manager, Adam Flatto, wherein he stated that Farkas was and continued to be respondent's "Administrative Member." However, Flatto's declaration also stated that "[u]nder Section 3.4 of [respondent's] Operating Agreement, the Administrative Member can only take action to bind [respondent] after consultation with, and consent of, all [respondent's] members," i.e., Flatto. Thus, Flatto's declaration is consistent with the district court's finding that Farkas lacked authority to bind respondent without Flatto's consent and provides no support for appellants' argument. To the extent that appellants argue that they (via Bloom) thought Farkas

---

[2]The district court also appears to have found that the Settlement Agreement was invalid due to a lack of consideration or, alternatively, because it was not negotiated in good faith. In light of our resolution of this appeal, we need not address the parties' arguments regarding these findings.

*had* obtained Flatto's consent to execute the Settlement Agreement despite that consent having not been communicated to them, substantial evidence supports the district court's finding that such a belief would have been objectively unreasonable. *See Mack v. Estate of Mack*, 125 Nev. 80, 95, 206 P.3d 98, 108 (2009) ("[T]he question of whether a contract exists is one of fact, requiring this court to defer to the district court's findings unless they are clearly erroneous or not based on substantial evidence." (internal quotation marks omitted)); *Great Am. Ins. Co. v. Gen. Builders, Inc.*, 113 Nev. 346, 352, 934 P.2d 257, 261 (1997) ("A party claiming apparent authority of an agent as a basis for contract formation must prove (1) that he subjectively believed that the agent had authority to act for the principal and (2) that his subjective belief in the agent's authority was objectively reasonable."). In particular, the district court's order identified multiple previous instances wherein Flatto had communicated to Bloom that Farkas could not bind respondent without Flatto's consent, with the most notable instance being a 2020 arbitration award wherein the panel invalidated a different agreement between respondent and appellant that Farkas had purported to execute on behalf of respondent.[3] Accordingly, we conclude

---

[3]In this respect, the only evidence appellants identify to support their position that Farkas represented to Bloom that he *had* obtained Flatto's consent to execute the Settlement Agreement is a fleeting comment made by Bloom at the evidentiary hearing. However, Farkas testified at the evidentiary hearing that he *did not* make any such representations to Bloom and that he had "made it clear to [Bloom] over the years that he needs to speak to [Flatto] and the lawyers" because Farkas "was not in a position to make any decisions on behalf of [respondent]." To the extent that the district court's findings weighed the credibility of this competing testimony, we decline to reweigh those findings. *Ellis v. Carucci*, 123 Nev.

that substantial evidence supports the district court's finding that Farkas lacked apparent authority and, consequently, that the Settlement Agreement was invalid and unenforceable.

With respect to appellants' second argument, respondent contends that this court lacks jurisdiction because Bloom, who is the only person aggrieved by the district court holding him personally liable, was not a party to the underlying proceedings and did not file a writ petition challenging the district court's order. *Cf. Mona v. Eighth Judicial Dist. Court*, 132 Nev. 719, 724-25, 380 P.3d 836, 840 (2016) ("[W]here the sanctioned party was not a party to the litigation below, he or she has no standing to appeal."); *Detwiler v. Eighth Judicial Dist. Court*, 137 Nev., Adv. Op. 18, 486 P.3d 710, 715 (2021) ("Where no rule or statute provides for an appeal of a contempt order, the order may properly be reviewed by writ petition."). Appellants do not meaningfully refute respondent's contention but instead argue that they are challenging the district court's order insofar as it held *them* liable for the fees and costs. We decline to consider this argument because appellants' opening brief did not allude to any such argument. *See Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011) (observing that this court generally declines to consider arguments raised for the first time in a reply brief). Accordingly, we agree with respondent that we lack jurisdiction in the context of this

---

145, 152, 161 P.3d 239, 244 (2007) ("[W]e leave witness credibility determinations to the district court and will not reweigh credibility on appeal.").

appeal to consider whether the district court appropriately held nonparty Bloom personally liable for the fees and costs.

In light of the foregoing, we affirm the district court's challenged order insofar as it found the January 7, 2021, Settlement Agreement to be unenforceable. We also dismiss this appeal insofar as it challenges the district court's decision to hold nonparty Bloom personally liable for fees and costs as a civil contempt sanction.

It is so ORDERED.[4]

_____, C.J.
Parraguirre

_____, J.          _____, Sr. J.
Stiglich                              Gibbons

cc:    Hon. Mark R. Denton, District Judge
       Persi J. Mishel, Settlement Judge
       Maier Gutierrez & Associates
       Garman Turner Gordon
       Eighth District Court Clerk

_____

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.